FILED'11 MAY 26 11:08USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAWN REYNOLDS,

        Plaintiff,

    v.

CITY OF EUGENE, an Oregon
municipal corporation, and
MARK GISSINER, an individual,

        Defendants.

Civ. No. 11-6087

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff filed suit alleging whistleblower retaliation, wrongful discharge, intentional interference with economic relations, and violation of First Amendment rights under 42 U.S.C. § 1983. Plaintiff's claims arise from her termination as the City of Eugene's Deputy Police Auditor. Defendants now move to dismiss plaintiff's wrongful discharge and First Amendment claims alleged against the City and to strike certain allegations from plaintiff's

1   - OPINION AND ORDER

complaint.[1] In response, plaintiff agreed to dismiss her wrongful discharge claim. Therefore, only plaintiff's First Amendment claim against the City remains at issue.

In her Fifth Claim for Relief, plaintiff alleges that her disclosures of federal and state law violations and other misconduct constitute protected speech and were a "substantial motivating factor" in her termination. Defendants move to dismiss this claim on grounds that plaintiff fails to allege that she was deprived of her constitutional rights pursuant to a City policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). I agree.

The City may be held liable under § 1983 only if plaintiff shows that: 1) she was deprived of a constitutional right; 2) the City had a policy that "amounted to a deliberate indifference to her constitutional right"; and 3) the policy was "the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted). Nowhere in plaintiff's Complaint does she allege a City policy, custom or practice of retaliation in response to disclosures of misconduct. Rather, plaintiff alleges "systematic and ongoing civil rights violations by Eugene police officers," misclassification of "serious police misconduct," withholding of information from the

---

[1] Defendants withdrew their motion to dismiss plaintiff's claim against defendant Gissiner for intentional interference with economic relations.

2   - OPINION AND ORDER

Office of Police Auditor, the failure to investigate civilians' reports of police misconduct, shredding of files in violation of state law, solicitation of citizens to "start fights" so police officers "could practice using their tasers," and suspension of an investigation into a specific allegation of police misconduct. Complaint, pp. 2-3. However, plaintiff does not allege that these City policies or customs were the "moving force" behind her constitutional deprivation. Rather, plaintiff alleges that the "moving force" was the City's termination of her employment in retaliation for exercising her rights to free speech.

Accordingly, while the policies and customs alleged in plaintiff's Complaint might constitute a "custom of suppressing civilian oversight and independent review of police conduct," they do not constitute a custom or practice of retaliation against or suppression of employees' free speech rights. See Plf.'s Mem. in Opp., p. 4. As such, plaintiff fails to allege a City policy or custom to support municipal liability under § 1983.

Finally, I decline to strike plaintiff's allegations contained in paragraph 9. Given plaintiff's allegations and theory of the case, I do not find these allegations immaterial or impertinent.

///
///
///
///

3    - OPINION AND ORDER

CONCLUSION

Defendants' Motion Against the Complaint (doc. 4) is GRANTED, in part. Plaintiff's Third and Fifth Claims for Relief alleged against the City of Eugene are DISMISSED.

IT IS SO ORDERED.

Dated this 24 day of May, 2011.

*Ann Aiken*
Ann Aiken
United States District Judge

4    - OPINION AND ORDER